UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIJAH MILLER,<br><br>      Plaintiff,<br><br>    v.<br><br>CDCR, et al.,<br><br>      Defendants. | No. 2: 22-cv-2249 KJN P<br><br><br>ORDER |

       Plaintiff is a state prisoner, proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

       Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

       Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the

amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.  However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as

true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

Named as defendants are the California Department of Corrections and Rehabilitation ("CDCR") and the Classification Service Representative. Plaintiff appears to raise the claim raised in the grievance attached to his complaint, i.e., grievance Log no. 0000026651U. (ECF No. 1 at 39.) Plaintiff alleges that on May 25, 2022, the classification committee recommended plaintiff's transfer to a Level III facility, but defendant Classification Service Representative[1] endorsed plaintiff to a Level IV facility. (Id.) Plaintiff alleges that his endorsement to a Level IV facility was based on retaliation. (Id. at 2.) Plaintiff also appears to claim that he has safety and enemy concerns at all Level IV yards. (Id.)

The undersigned observes that plaintiff attaches a Classification Committee Chrono to his complaint. (ECF No. 1 at 33-35.) The chrono indicates that plaintiff had a classification committee hearing on March 29, 2022. (Id. at 33.) At the time of the hearing, plaintiff was housed at Salinas Valley State Prison ("SVSP"). (Id.) The chrono states that plaintiff has documented enemies at SAC-180 EOP, KVSP 180 EOP and SVSP-IV 180 EOP. (Id. at 34.) The chrono states that transfer to SAC is no longer appropriate and that Level III EOP override has been identified as suitable housing. (Id.) The chrono states that the committee referred plaintiff to the "CSR" for transfer to SVSP III (270/SNY) or to other suitable institutions. (Id.) CSR apparently refers to Classification Service Representative.

As stated above, in grievance 0000026651U, plaintiff claimed that on May 25, 2022, the committee recommended his transfer to a level III but the CSR endorsed him to a Level IV 180 facility. (Id. at 39.) On October 25, 2022, the Office of Appeals denied this grievance. (Id.) The decision states that plaintiff was transferred from SVSP to the California Medical Facility ("CMF") on May 17, 2022, for Mental Health Crisis Bed placement. (Id.) On May 25, 2022, plaintiff was reviewed by committee that noted plaintiff's request for transfer to the California

---

[1] The grievance refers to a Classification Staff Representative rather than a Classification Service Representative.

3

1  Health Care Facility ("CHCF") or the California Men's Colony ("CMC")  (Id.)  The decision
2  states that upon release from the Mental Health Crisis Bed, plaintiff was endorsed via Non-
3  Committee Endorsement and transferred to California State Prison, Sacramento, noting plaintiff's
4  Level IV 180 housing per the May 25, 2022 classification committee.  (Id.)  The decision states
5  that "[t]here is no indication appellant was ever recommended for transfer to a Level III as
6  alleged, nor would that recommendation have guaranteed placement at a Level III."  (Id.)  The
7  decision concludes that plaintiff's transfer complied with Title 15, section 3379 and plaintiff was
8  properly endorsed based on case factors.  (Id.)

    Plaintiff is now housed at San Quentin State Prison ("SQSP").

    The Eleventh Amendment bars suits for money damages in federal court against a state,
its agencies, and state officials acting in their official capacities." Aholelei v. Dep't of Public
Safety, 488 F.3d 1144, 1147 (9th Cir. 2007).  The Eleventh Amendment prohibits federal courts
from hearing a section 1983 lawsuit in which damages or injunctive relief is sought against a
state, its agencies (such as CDCR) or individual prisons, absent "a waiver by the state or a valid
congressional override...." Dittman v. California, 191 F.3d 1020, 1025 (9th Cir. 1999).  "The
Eleventh Amendment bars suits which seek either damages or injunctive relief against a state, 'an
arm of the state,' its instrumentalities, or its agencies." Fireman's Fund Ins. Co. v. City of Lodi,
Cal., 302 F.3d 928, 957 n.28 (9th Cir. 2002) (internal quotation and citations omitted), cert.
denied, 538 U.S. 961 (2003).  The State of California has not waived its Eleventh Amendment
immunity for federal claims under section 1983.  Dittman, 191 F.3d at 1025–26 (citing
Atascadero State Hosp. v. Scanlon, 473 U.S. 234, 241 (1985)); see also Brown v. Cal. Dep't. of
Corrs., 554 F.3d 747, 752 (9th Cir. 2009) (finding CDCR and California Board of Prison Terms
entitled to Eleventh Amendment immunity).  Therefore, plaintiff cannot maintain an action
against CDCR.

    Assuming plaintiff could state a potentially colorable claim against defendant
Classification Service Representative, plaintiff has not provided sufficient identifying information
for service of this defendant.  If plaintiff names Classification Service Representative as a
defendant in an amended complaint, he shall provide additional identifying information, including

the name of this defendant. If plaintiff does not know Classification Service Representative's name, he may include other identifying information. Plaintiff must also describe the actions taken by defendant Classification Service Representative that allegedly violated plaintiff's constitutional rights, including the date(s) of the alleged deprivations.

A claim of retaliation under the First Amendment has five elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

Plaintiff's complaint does not state a potentially colorable retaliation claim. If plaintiff files an amended complaint, he shall address the five factors for a retaliation claim set forth above.

The Eighth Amendment requires that prison officials take reasonable measures to guarantee the safety of prisoners. Farmer v. Brennan, 511 U.S. 825, 832 (1994). In particular, prison officials have a duty to protect prisoners from violence at the hands of other prisoners. Id. at 833. The failure of prison officials to protect inmates from attacks by other inmates or from dangerous conditions at the prison violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious; and (2) the prison official is, subjectively, deliberately indifferent to inmate health or safety. Id. at 834. A prison official is deliberately indifferent if he knows of and disregards an excessive risk to inmate health or safety by failing to take reasonable steps to abate it. Id. at 837.

The undersigned observes that the March 29, 2022 classification chrono attached to plaintiff's complaint states that plaintiff had enemy concerns at SAC-180 EOP. The October 25, 2022 decision denying plaintiff's grievance states that plaintiff was transferred to California State Prison-Sacramento, which appears to be the prison identified as "SAC" in the March 29, 2022 chrono. However, it is unclear if plaintiff is challenging his transfer to SAC-180 EOP despite having enemies at that prison. If plaintiff files an amended complaint, he shall clarify this matter.

////

Plaintiff's original complaint does not otherwise state a potentially colorable Eighth Amendment failure to protect claim. If plaintiff files an amended complaint raising a failure to protect claim, he shall address the legal standard set forth above.

Plaintiff is also informed that, absent a showing of significantly different conditions of confinement, the placement of a prisoner "at a 'level IV' prison rather than a 'level III' prison does not ... present an 'atypical and significant hardship,'" which would entitle a prisoner to due process. Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007) (quoting Sandin v. Conner, 515 U.S. 472, 486 (1995)). A prisoner does not have a right to a particular classification status under the Due Process Clause. Hernandez v. Johnston, 833 F.2d 1316, 1318 (9th Cir. 1987) ("'[A] prisoner has no constitutional right to a particular classification status.'") (quoting Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976).). Inmates do not have a right to be housed in any particular prison. See Meachum v. Fano, 427 U.S. 215, 224-25 (1976) (conviction sufficiently extinguishes prisoner's liberty interest and empowers the state to confine him in any of its prisons; no liberty interest protect by the Due Process Clause is implicated in a prison's reclassification and transfer decisions).

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. See e.g., West v. Atkins, 487 U.S. 42, 48 (1988). Also, the complaint must allege in specific terms how each named defendant is involved. Rizzo v. Goode, 423 U.S. 362, 371 (1976). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo, 423 U.S. at 371; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Ramirez

6

v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (internal citation omitted). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

    a. The completed Notice of Amendment; and

    b. An original of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint."

Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

Dated: January 19, 2023

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Mill2249.14

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIJAH LEE MILLER,<br><br>           Plaintiff,<br><br>     v.<br><br>CDCR, et al.,<br><br>           Defendants. | No. 2: 22-cv-2249 KJN P<br><br>NOTICE OF AMENDMENT |

    Plaintiff hereby submits the following document in compliance with the court's order filed_____.

_____       Amended Complaint

DATED:

                                           _____
                                           Plaintiff